IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANGELIQUE C. RYBAR                                            PLAINTIFF

V.                                CIVIL ACTION NO. 1:14-CV-242-KS-MTP

CORPORATE MANAGEMENT, INC.                                   DEFENDANT

### Memorandum Opinion and Order

For the reasons below, the Court **denies** Defendant's Motion for Partial Summary Judgment [33].

### I. Background

This is a Title VII case. Plaintiff began working for Defendant in March 2005, in the business office of a nursing home owned by Defendant. In July 2008, she was promoted to Director of the business office, and in June 2009, she was promoted to Executive Administrative Assistant for Defendant's owner, Ted Cain.

Plaintiff alleges that Cain began to sexually harass her in April 2011, and that she refused his advances. In August 2012, Cain allegedly threatened to move Plaintiff to another position. In January 2013, Plaintiff was demoted to receptionist, and in February 2013, Defendant decreased Plaintiff's salary and took away her company phone and car. Three days later, Defendant gave Plaintiff a 90-day notice of termination.

Plaintiff filed this lawsuit. She alleges that Cain sexually harassed her, and that Defendant discriminated against her because of her sex and retaliated against her because she refused Cain's sexual advances. She seeks a variety of damages, including

back pay and future wages. Defendant filed a Motion for Partial Summary Judgment [33] on Plaintiff's claims for back pay and future wages, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## III. DISCUSSION

Defendant argues that the Court should grant summary judgment as to

Plaintiff's claims for back pay and future wages because she failed to mitigate her damages. "A Title VII plaintiff has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998). "Substantially equivalent employment" is "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996). "The reasonableness of a Title VII claimant's diligence should be evaluated in light of the individual characteristics of the claimant and the job market." *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990) (*Sellers III*).

"[T]he employer has the burden of proving failure to mitigate. To meet this burden, an employer may demonstrate that substantially equivalent work was available and that the Title VII claimant did not exercise reasonable diligence to obtain it." *Id.* However, "if an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment." *Id.* "[T]he determination of whether or not a Title VII claimant uses reasonable diligence in obtaining substantially comparable employment is a determination of fact . . . ." *Id.*

Plaintiff presented a sworn affidavit [37-1], in which she claims to have made at least three calls per week to potential employers since she was terminated in February 2013. She claims that, on average, only one call out of twelve per month has

3

revealed an open position, which she has applied for each time. She has focused on medical office jobs doing Medicaid and Medicare billing. Although she has work experience in the casino industry, she has not applied for casino jobs because she has no one to care for her son on nights and weekends.

It appears, though, that Plaintiff effectively ceased her job search in October 2014. She did not seek employment from October 2014 to April 2015 because two potential employers led her to believe that they were going to offer her a job. She also did not seek employment for the first three weeks of April 2015 because her father is terminally ill.

## A.    *Reasonable Diligence*

First, Defendant argues that Plaintiff failed to exercise reasonable diligence in her effort to obtain substantially equivalent employment. As noted above, "[t]he reasonableness of a Title VII claimant's diligence should be evaluated in light of the individual characteristics of the claimant and the job market." *Id.* Therefore, evaluation of a Title VII plaintiff's diligence may account for personal and family issues, such as the availability of child care or health of a family member. *See Migis*, 135 F.3d at 1045 (where plaintiff testified she could not find child care, district court did not clearly err in finding that she had been reasonably diligent in mitigating her damages); *Vaughn v. Sabine County*, 104 F. App'x 980, 985 (district court did not err in awarding back pay where, among other things, Title VII plaintiff testified that she could not apply for jobs far from home because of her husband's failing health). Also, a Title VII plaintiff may reasonably defer seeking other employment if she has received

4

a tentative job offer. *Cf. West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394 (5th Cir. 2003) (jury could reasonably find that plaintiff mitigated his damages where he testified that he deferred applying for other jobs because former employer said it would rehire him).

Defendant also argues that Plaintiff failed to exercise reasonable diligence because she applied for jobs doing Medicaid and Medicare billing in medical and dental offices for which she was not qualified. However, it is undisputed that Plaintiff previously worked in Defendant's business office at Woodland Hills Nursing Home, where she performed Medicaid and Medicare billing.

Plaintiff presented sufficient evidence to create a genuine dispute of material fact as to whether she used reasonable diligence in trying to find work. The cases cited above demonstrate that the "reasonable diligence" inquiry is fact-intensive and dependant upon Plaintiff's individual circumstances. Accordingly, the question is best left for a jury.

**B.      *Substantially Equivalent***

Defendant also argues that Plaintiff failed to seek substantially equivalent work. As noted above, "[s]ubstantially equivalent employment" is "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated." *Patterson*, 90 F.3d at 936.

Plaintiff began working for Defendant in March 2005, in its business office, where she did Medicaid and Medicare billing. In July 2008, she was promoted to

5

Director of Defendant's business office, and in June 2009 she was promoted to Executive Administrative Assistant to Defendant's owner, the job from which she was terminated. Since her termination, she has sought jobs in medical offices doing Medicaid and Medicare billing. Defendant contends that those jobs are not substantially equivalent to the Executive Administrative Assistant position from which she was terminated.

Defendant has the burden of proving that the jobs are not substantially equivalent. *Sellers III*, 902 F.2d at 1193. Defendant summarily stated that an administrative assistant position is not substantially equivalent to a job performing Medicaid and Medicare billing, but the record does not contain sufficient information about the jobs for the Court to compare their "promotional opportunities, compensation, job responsibilities, working conditions, and status . . . ." *Patterson*, 90 F.3d at 936. Therefore, Defendant has not met its burden.

## IV. CONCLUSION

For the reasons above, the Court **denies** Defendant's Motion for Partial Summary Judgment [33]

SO ORDERED AND ADJUDGED this 26th day of May, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE