IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANGELIQUE C. RYBAR**                                                              **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 1:14-CV-242-KS-MTP**

**CORPORATE MANAGEMENT, INC.**                                        **DEFENDANT**

### ORDER

For the reasons below, the Court **grants in part and defers in part** Defendant's Motion in Limine [45].

*A.    EEOC Cause Determination Letter*

Defendant argues that the EEOC's determination letter [45-1] should be excluded because it does not meet the requirements of Rule 803(8) and its probative value is outweighed by the danger of unfair prejudice. In response, Plaintiff argues that EEOC determinations are *per se* admissible in Title VII cases, and that Defendant has not met its burden of proving that the determination letter is untrustworthy.

*1.    Rule 803(8)*

EEOC investigative reports and determinations are not always admissible in Title VII cases, as Plaintiff argues. Rather, the Court determines their admissibility by applying "Rule 803(8), which provides for the admission of reports of public agencies." *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980). Rule 803(8) states that a "record or statement of a public office" is removed from the rule against hearsay if "(A) it sets out . . . (i) the office's activities; (ii) a matter observed while under a legal duty to report . . . ; or (iii) in a civil case . . . , factual findings from a legally authorized

investigation; and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8). There is a presumption, therefore, "that agency reports are not to be excluded under the hearsay rule," and the "party opposing admission of the report . . . must prove the report's untrustworthiness." *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992).

"The Advisory Committee proposed a nonexclusive list of factors which are helpful in determining trustworthiness: (1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was held and at what level; and (4) possible motivational problems . . . ." *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). "In making the trustworthiness determination required by Rule 803, courts should focus on questions regarding the accuracy or completeness of the document's conclusions." *Id.* at 1307. The "credibility of the report itself or the testimony in the report are not the focus." *Id.* Rather, the Court must "determine primarily whether the report was compiled or prepared in a way that indicates its conclusions can be relied upon." *Id.*

Defendant argues that the EEOC determination is inadmissible because it is "nothing more than a rubber-stamp endorsement of Ms. Rybar's allegations – a general and wholesale 'buy-in' of Ms. Rybar's side of the story." Defendant notes that the EEOC did not conduct an on-site investigation at its facility, and that it did not interview Plaintiff's alleged harasser, Ted Cain, or any other potential witnesses employed by Defendant. These "complaints go to the letter's findings and completeness," rather than

its trustworthiness. *Moore v. Nissan N. Am., Inc.*, No. 3:10-CV-569-DPJ-FKB, 26 Am. Disabilities Cas. (BNA) 1490, 2012 U.S. Dist. LEXIS 92697, at *7 (S.D. Miss. July 5, 2012); *see also Moss*, 933 F.2d at 1306-08 (court overstepped its role and impermissibly assessed credibility where it excluded agency report as untrustworthy because its findings were "incomplete and misleading" and the "witnesses relied upon were biased").

The EEOC received notice of Plaintiff's potential charge from an investigator with the Mississippi Attorney General's office, and Plaintiff gave the agency her statement and filed a charge. Much later, she identified a potential witness, and her counsel provided the witness's statement to the EEOC. The investigator also obtained a detailed statement from Defendant refuting Plaintiff's claims in whole, as well as Defendant's personnel file for Plaintiff. The EEOC investigator did not interview Cain, but – in light of Defendant's complete denial of Plaintiff's allegations – it seems unlikely that interviewing him would have added anything to the investigation. Likewise, the investigator could have interviewed other employees of Defendant, but Plaintiff initially told the EEOC that Cain made his advances when they were alone, and that there were no witnesses.

In most sexual harassment cases, there is little objective evidence; juries are ultimately forced to credit one party and discredit another. This case is no different. It's a simple "he-said-she-said" dispute in which there is no direct evidence beyond the principal actors' testimonies. Defendant has not demonstrated that the EEOC's determination letter is untrustworthy when considered in this context.

*2.     Rule 403*

Defendant also argues that the Court should exclude the determination letter under Rule 403, which provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." FED. R. EVID. 403. Defendant contends that the letter is unfairly prejudicial for the same reasons it provided above: the inadequacy of the EEOC's investigation and the conclusory nature of its findings.

EEOC investigative files and reports can be "highly probative," and "the balancing test of Rule 403 should not be misused in such a way that would end the presumption that evaluative reports are admissible hearsay under Rule 803(8)[]." *Cortes*, 977 F.2d at 201. For example, the Court may exclude an EEOC determination that consists of nothing but "bare conclusions with little, if any, probative value." *Id.* at 202. But the Fifth Circuit has drawn a distinction between "letters of violation" and "letters of reasonable cause." *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994). "[A] letter of reasonable cause is more tentative in its conclusions whereas a letter of violation states the categorical legal conclusion that a violation has taken place." *Id.* Therefore, admission of a letter of violation "results in a much greater possibility of unfair prejudice," and "the probative value . . . may not, in every case, outweigh the potential for prejudice." *Id.*

Here, the investigator stated that she "determined that the evidence obtained in the investigation established reasonable cause to believe that [Plaintiff] was discriminated against in violation of Title VII of the Civil Rights Act . . . ." However,

she also stated – in clear, definite terms – that Defendant violated Title VII by subjecting Plaintiff to unwelcome sexual harassment and retaliating against Plaintiff for rebuffing Cain's advances. The investigator also invited Defendant to engage in informal conciliation efforts – the agency's practice "[w]hen the Commission finds that violations have occurred . . . ."

The Court concludes that the letter is more akin to "an EEOC violation letter, . . . than one which limits its finding to reasonable cause . . . ." *Moore*, 2012 U.S. Dist. LEXIS 92697 at *11. Several sentences in the letter "invade the province of the jury" by making a legal conclusion that Defendant violated Title VII. *Lucas v. City of Shelby*, 246 F. Supp. 2d 516, 521 (N.D. Miss. 2002). Therefore, the Court finds that the probative value of the letter in its entirety is substantially outweighed by the potential danger of unfair prejudice. *See Manville*, 27 F.3d at 1095; *Lucas*, 246 F. Supp. at 521; *Moore*, 2012 U.S. Dist. LEXIS 92697 at *11; Fed. R. Evid. 403.

In some cases, however, the Court can cure potential prejudice by redacting the prejudicial portions of the letter and/or providing a cautionary instruction to the jury. *See, e.g. Hamlin v. Miss. Dep't of Health*, No. 3:09-CV-749-CWR-FKB, 2011 U.S. Dist. LEXIS 156603, at *4 (S.D. Miss. May 9, 2011); *Crawford v. Hospitality Enters., Inc.*, 89 Fair Empl. Prac. Cas. (BNA) 1392, 2002 U.S. Dist. LEXIS 15774, at *17-*18 (E.D. La. Aug. 16, 2002). The Court believes that such measures could resolve Defendant's concerns here. Therefore, the Court instructs the parties' counsel to discuss the possibility of curing Defendant's Rule 403 concerns by redacting certain sections of the determination letter, and the Court will revisit the issue at trial.

### B.     *Statements by Kelly Edgar and Sandra Boudreaux*

Defendant anticipates that Plaintiff will attempt to introduce testimony from her fiancé and mother regarding what she told them about the alleged sexual harassment. Defendant argues that this testimony is inadmissible hearsay, that it is irrelevant, and that its probative value is substantially outweighed by its unfairly prejudicial nature. In response, Plaintiff argues that the disputed testimony will be admissible to rehabilitate a witness pursuant to Rule 801(d)(1)(A)-(B), and that it is admissible as a statement of Plaintiff's state of mind or emotional condition pursuant to Rule 803(3).

The Court can not address the admissibility of evidence that is not before it. The Court does not know what specific testimony, if any, Plaintiff intends to offer from Edgar and Boudreaux, or the context in which it might be offered. Defendant may present objections on a case-by-case basis at trial.

SO ORDERED AND ADJUDGED this 16th day of July, 2015.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE