IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANGELIQUE C. RYBAR**                                                                   **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 1:14-CV-242-KS-MTP**

**CORPORATE MANAGEMENT, INC.**                                   **DEFENDANT**

**ORDER**

For reasons provided below, the Court **denies** Plaintiff's Motion in Limine [44].

### A. *Mitigation of Damages*

First, Plaintiff argues that the Court should preclude Defendant from offering any evidence or argument that Plaintiff failed to mitigate her damages or that she is intentionally not looking for work. "A Title VII plaintiff has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment." *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990) (*Sellers III*). "[T]he employer has the burden of proving failure to mitigate. To meet this burden, an employer may demonstrate that substantially equivalent work was available and that the Title VII claimant did not exercise reasonable diligence to obtain it." *Id.* However, "if an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not have to establish the availability of substantially equivalent employment." *Id.* (citing *Sellers v. Delgado College*, 839 F.2d 1132, 1139 (5th Cir. 1988) (*Sellers II*)).

Plaintiff argues that the Court should ignore *Sellers II* and apply *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972), in which the Fifth Circuit held that an

employer must prove that there were substantially equivalent jobs available to the former employee, regardless of the employee's efforts to find them. Plaintiff contends that the Fifth Circuit panel in *Sellers II* had no authority to overrule the prior holding in *Sparks*.

Plaintiff is correct that the Fifth Circuit's "Rule of Orderliness" provides that "in the absence of an intervening contrary or superseding decision by th[e] court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). However, Plaintiff disregards the fact that accepting her argument would require the Court to ignore more recent Fifth Circuit decisions.[1] Although the Fifth Circuit applied *Sparks* twice after *Sellers II* was decided,[2] it has applied *Sellers II* more often and more recently.[3] District courts in the circuit are split on the issue. Some have applied *Sparks*,[4] while others have applied *Sellers II*.[5]

---

[1] *See, e.g. West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003); *Boehms v. Crowell*, 139 F.3d 452, 460 (5th Cir. 1998); *Sellers III*, 902 F.2d at 1193; *Sellers II*, 839 F.2d at 1139; *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 222 (5th Cir. 2011).

[2] *Hill v. Pontotoc*, 993 F.2d 422, 426 (5th Cir. 1993); *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 383 (5th Cir. 1988).

[3] *See, e.g. West*, 330 F.3d at 393; *Boehms*, 139 F.3d at 460; *Sellers III*, 902 F.2d at 1193; *Jackson*, 426 F. App'x at 222.

[4] *See, e.g. Paulissen v. Mei Techs., Inc.*, 942 F. Supp. 2d 658, 677 (S.D. Tex. 2013); *Newcomb v. Corinth Sch. Dist.*, No. 1:12-CV-204-SA-DAS, 2015 U.S. Dist. LEXIS 41700, at *19-*20 (N.D. Miss. Mar. 31, 2015); *Buckingham v. Booz Allen Hamilton, Inc.*, No. 4:13-CV-392, 2014 U.S. Dist. LEXIS 154326, at *6 (S.D. Tex. Oct. 31, 2014); *Bertrand v. City of Lake Charles*, 2012 U.S. Dist. LEXIS 63330, at

The Court believes it more prudent to follow the Fifth Circuit's more recent decisions and apply the *Sellers II* standard. As noted above, multiple Fifth Circuit panels have had an opportunity to apply the "Rule of Orderliness" in this context, and they have not done so. Ignoring the more recent precedents would create more risk of disorder than applying them. Therefore, the Court denies Plaintiff's motion in limine with respect to Defendant's evidence and argument that she failed to mitigate her damages.

### B. *Unemployment Compensation*

Next, Plaintiff argues that the Court should exclude all evidence or argument as to the amount of unemployment compensation received by Plaintiff, and that such benefits should offset a potential back pay award. As Plaintiff acknowledged in briefing, the Fifth Circuit has specifically held that district courts may deduct unemployment compensation benefits from a back pay award. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1581 (5th Cir. 1989); *see also Johnson*, 853 F.2d at 382. But Plaintiff argues that the Court should apply the Eleventh Circuit's

---

*21 n. 33 (W.D. La. May 3, 2012).

[5]*See, e.g. EEOC v. IESI La. Corp.*, 720 F. Supp. 2d 750, 755 n. 2 (W.D. La. 2010); *EEOC v. E.I. du Pont de Nemours & Co.*, 406 F. Supp. 2d 645, 666 (E.D. La. 2005), *rev'd in part on other grounds* 480 F.3d 724 (5th Cir. 2007); *Price v. Am. Eagle Airlines, Inc.*, Civil Action No. 10-904, 2014 U.S. Dist. LEXIS 176510, at *32 (W.D. La. Dec. 22, 2014); *Hardy v. City of Tupelo*, No. 1:08-CV-28-SA-JAD, 2010 U.S. Dist. LEXIS 16902, at * (N.D. Miss. Feb. 25, 2010); *EEOC v. Vidor Manor Nursing Home, Inc.*, No. 1:07-CV-524-TH, 2008 U.S. Dist. LEXIS 123541, at *9 (E.D. Tex. June 12, 2008); *Kirkwood v. Inca Metal Prods. Corp.*, No. 3:04-CV-226-D, 2008 U.S. Dist. LEXIS 6807, at *28-*29 (N.D. Tex. Jan. 30, 2008).

decision in *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549, 1551 (11th Cir. 1983), in which that court held that such offsets should be "consistently disallowed . . . ."

Of course, the Eleventh Circuit's decision in *Brown* conflicts with applicable Fifth Circuit precedent. *See, e.g. Johnston*, 869 F.2d at 1581; *Johnson*, 853 F.2d at 382; *see also Matherne v. Wilson*, 851 F.2d 752, 762 n. 57 (5th Cir. 1988) (citing *Brown*, but not applying it). Therefore, the Court declines to apply it and forbid all evidence of unemployment compensation. Without knowing what Defendant intends to argue or offer into evidence, the Court can not provide a more specific ruling regarding what will be allowed. The parties can offer more specific arguments at trial.

SO ORDERED AND ADJUDGED this 16th day of July, 2015.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE